## EDENBURG v SOOS et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11711.   Decided Oct 5, 1931

Messrs. Pollack & Pollack, Cleveland, for plaintiff in error.

Messrs. Leuck, Wenrick, Pineire & Kovachy Cleveland, for defendants in error.

RICHARDS, J.

The case was tried by a common pleas judge whose term expired before the bill of exceptions was presented for signature. Said judge wrote a letter, which is attached to the bill, in which he says that the statement in the bill of exceptions that "it is all the evidence offered by either party and received by the court on the trial of the within cause" is not true. Doubtless because of the position thus taken by the trial judge, the certificate was changed before being signed by another judge of the trial court. The certificate as thus changed, and as it comes before this court, reads "the above and foregoing is a **summary** of all of the evidence offered by either party."

Where the Court of Appeals is asked to reverse a judgment on the weight of the evidence, the certificate to the bill of exceptions must show that the bill contains all of the evidence. While that certificate need not be in any set form, yet it must in some form contain the equivalent of a certificate that it contains all of the evidence. "A sumary of all of the evidence" is not all of the evidence. The word "summary" as a noun is defined in Webster's Dictionary as "an abridged statement". There being a conflict in the evidence, and a jury having heard in detail the testimony of the witnesses, this court can not find that the verdict rendered by the jury is manifestly against the weight of the evidence from what simply amounts to an abridged statement of the evidence.

We do, not, of course, mean to hold that a bill of exceptions can not be prepared unless a stenographer took the evidence, nor that it may not be in narrative form. In former days, and within the recollection of older lawyers still in the practice, bills

of exceptions were prepared when there was no stenographer and the judgment reviewed on the weight of the evidence, and that, of course, may still be done, but the bill must be in such form that the judge can certify that it contains all the evidence, or sign a certificate equivalent to that.

Judgment affirmed.

WILLIAMS, and CROW, JJ, concur.